UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECRETARY OF VETERANS AFFAIRS, an Officer of the United States of America, Successor and Assigns,<br><br>Plaintiff,<br><br>v.<br><br>ERICA SMITH,<br><br>Defendant. | Case No.: 17cv2239-MMA (BGS)<br><br>**ORDER *SUA SPONTE* REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION;**<br><br>**AND DENYING AS MOOT DEFENDANT'S MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>[Doc. No. 2] |

On November 2, 2017, Defendant Erica Smith ("Defendant"), proceeding *pro se*, filed a notice of removal in this unlawful detainer action from the Superior Court for the County of San Diego, and simultaneously filed a motion to proceed *in forma pauperis* ("IFP"). *See* Doc. Nos. 1, 2. For the reasons set forth below, the Court *sua sponte* **REMANDS** this case to the Superior Court of California for the County of San Diego for lack of subject matter jurisdiction.

## Legal Standard

Federal courts are of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). Federal courts possess only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534,

541 (1986). Pursuant to Title 28 of the United States Code, section 1332(a)(1), a federal district court has jurisdiction over "all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). Title 28 of the United States Code, section 1441(a), provides for removal of a civil action from state to federal court if the case could have originated in federal court. If a matter is removable solely on the basis of diversity jurisdiction pursuant to § 1332, the action may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2).

The statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

## DISCUSSION

Defendant alleges in her notice of removal that diversity and federal question jurisdiction justify removal. *See* Doc. No. 1 at 2.[1] Regarding diversity jurisdiction, Defendant asserts "[t]here is complete diversity of citizenship between the parties" because Defendant is a citizen of California and that Plaintiff Secretary of Veterans Affairs ("Plaintiff") "is incorporated in a state other than California and its principal place of business are located in states other than California." *See id.* at 2-3. Defendant's general conclusion regarding Plaintiff's citizenship, however, is insufficient to establish that the parties are diverse.

Moreover, even assuming that the parties are diverse, Defendant has not demonstrated that the amount in controversy in this case exceeds $75,000. Upon review of Plaintiff's complaint, the Court notes that the action was filed in state court as a

---

[1] All citations to specific page numbers refer to the pagination assigned by the CM/ECF system.

"limited" civil case where the damages sought do not exceed $10,000.  *See* Doc. No. 1 at 8.  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).  Here, Defendant summarily claims "the amount in controversy more likely than not exceeds $75,000, exclusive of costs and interests."  Doc. No. 1 at 3.  However, Plaintiff's complaint describes the damages at stake as "not exceed[ing] $10,000" and seeks damages in the amount of "$40.00 per day from May 1, 2017."  Doc. No. 1 at 8, 10.  Thus, Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Accordingly, removal is not proper under diversity jurisdiction.

Regarding federal question jurisdiction, Defendant alleges "this matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action based upon the Federal Debt Collection Practices Act."  Doc. No. 1 at 2.  "The presence or absence of federal question jurisdiction 'is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.'" *Deutsche Bank Nat. Trust Co. v. Ghosal*, 2014 WL 5587199, at *1 (S.D. Cal. Nov. 3, 2014) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  A review of the attached state court complaint reveals that Plaintiff alleges one cause of action for unlawful detainer under California state law.  *See* Doc. No. 1 at 8.  Thus, Defendant has not shown that removal is proper on the basis of federal question jurisdiction.  *See id.* at *2 ("This Court has no jurisdiction over unlawful detainer actions, which are brought pursuant to state law and fall strictly within the province of the state court.").  Further, "[w]hile Defendants may seek to raise a defense based on federal law in response to Plaintiff's unlawful detainer claim, any defenses based on federal law must generally be raised in the state court action and do not provide a basis for removal." *Id.*  As such, Defendant's allegations are insufficient to establish federal question jurisdiction, and removal is not

proper under federal questions jurisdiction.

## CONCLUSION

Based on the foregoing, Defendant has not adequately established a basis for this Court's subject matter jurisdiction. Accordingly, the Court *sua sponte* **REMANDS** this action back to state court.[2] *See* 28 U.S.C. § 1447(c). The Clerk of Court is instructed to return the case to state court forthwith and close this action.

Date: November 3, 2017

HON. MICHAEL M. ANELLO
United States District Judge

---

[2] As such, the Court **DENIES AS MOOT** Defendant's motion to proceed IFP.